[Civil No. 347.   Filed January 28, 1893.]

[33 Pac. 501.]

## EMMA J. GONZALES, Plaintiff and Appellant, v. E. W. FRENCH et al., Defendants and Appellees.

1. PUBLIC LANDS — SCHOOL LANDS — PRE-EMPTION—ASSIGNMENT—REV. STATS. U. S. 1878, SECS. 1946, 2275, CONSTRUED—SECTION 2263 CITED.—Section 1946, *supra,* provides that sections sixteen and thirty-six in each township of certain territories, including Arizona, shall be reserved for school purposes. Section 2275, *supra,* provides that where settlements with a view to pre-emption have been made before survey, which are found to be on school sections, those sections shall be subject to the pre-emption claim of such settlers, and if they have been or shall be reserved for school purposes, other lands of like quantity are appropriated in lieu of such as may be patented by pre-emptors. Under these sections the right of pre-emption of school lands is personal to settlers found upon school lands at the time of the survey of the lands in the field. In this case the settlers failed to assert any claim themselves to pre-emption, but sold their possessions and improvements after survey to appellant. The right being personal, appellant did not succeed thereto, nor was the land ever divested of its character of school land. In addition, section 2263, *supra,* forbids any assignment of the pre-emption right, and appellant could not lawfully succeed to any rights of the prior settlers to the land.

AFFIRMED.—*Gonzales* v. *French,* 164 U. S. 338, 41 L. Ed. 458, 17 Sup. Ct. Rep. 102.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Coconino. Edmund W. Wells, Judge. Affirmed.

The facts are stated in the opinion.

J. F. Wilson, for Appellant.

W. L. Van Horn, and Stewart & Doe, for Appellees.

SLOAN, J.—Appellant, Emma J. Gonzales, seeks in this action to have appellee J. E. Jones, probate judge of Coconino County, and, as such, trustee of the patent of the townsite of Flagstaff, and successor, as such trustee, of appellee E. W. French, probate judge of Yavapai County, declared the trustee for her use and benefit of certain of the lands embraced in the premises covered by said patent. The facts upon which she relies to establish her right to the relief demanded, as stated in her complaint, are substantially as follows: That in the year 1876, Thomas F. McMillan, Frank Christie, and Conrad Farriner, who were then and there qualified to enter lands under the pre-emption laws of the United States, located and settled upon lands subsequently ascertained after survey to be a part of section 16 in township 21 north, of range 7 east, Gila and Salt River Meridian; and prior to the survey of said land in the field cultivated and improved by building residences thereon, with a view of making permanent homes thereon, and obtaining title thereto by pre-emption under the pre-emption laws of the United States as soon as the same should become subject thereto. That in 1878 a survey in the field was made of the township of which said section is a part, which survey, together with the plat of the same, was approved February 3, 1879, and the settlements and improvements made by said settlers McMillan and Farriner found to be on said section 16. That in June, 1883, Christie having meanwhile died, said McMillan and Farriner sold, transferred, and assigned their possessory rights, together with the improvements made by them on said section 16, to appellant, who immediately took possession, and has ever since resided on said land, and has made lasting and valuable improvements thereon. That on the second day of April, 1885, appellant, a citizen of the United States, the head of a family, and *feme sole*, applied to the register and receiver of the land office at the city of Prescott, A. T., as such settler on such land, to file her declaratory statement, and to enter the same under the pre-emption laws of the

United States, and offered and tendered then and there to
such officers the necessary fees for such filing and entry.
That at the time appellant applied to make her said entry
no other person or persons had settled or offered to make any
filing on said land, nor was there any adverse claim *in esse,*
or any adverse claimant known. That her said application to
file on and enter said land, as aforesaid, was refused and re-
jected by said United States land officers at Prescott, who
still refuse to permit said filing, although repeatedly there-
after so requested by appellant. That on the thirteenth day
of February, 1889, Congress passed an act entitled "A bill
for the relief of the inhabitants of the town of Flagstaff,
county of Yavapai, territory of Arizona." Omitting the
enacting clause, the act was as follows: "That the probate
judge of Yavapai County, territory of Arizona, be, and he
is hereby authorized to enter, in trust for the occupants and
inhabitants of Flagstaff, for townsite purposes, the south
half of section sixteen (16), township twenty-one (21) north,
of range seven (7) east, Gila and Salt River Meridian, in the
territory of Arizona, subject to the provisions of sections
2387, 2388, and 2389 of chapter eight of the Revised Statutes
of the United States relating to townsites. Sec. 2. That
upon the passage of this act the territory of Arizona, through
its proper officers, shall be, and is hereby, authorized to
select as indemnity for said land and in full satisfaction
thereof, and for the purpose stated in section 1946 of the
Revised Statutes, one-half section [or three hundred and
twenty acres] of public lands, at any office in said territory,
said selections to be made according to legal subdivisions and
contiguous." That the lands occupied and settled upon by
appellant, as aforesaid, were embraced in said south half of
section 16. That on June 17, 1889, E. W. French, probate
judge of the said county of Yavapai, as provided in said act,
filed a declaratory statement in said land office at Prescott
for the entry of said south half of section 16, in accordance
with the provisions of said act. That on July 28, 1889, when
entry under said filing was attempted to be made by said pro-
bate judge, as aforesaid, appellant appeared in said local
land office at Prescott, and filed her contest and protest to
the allowance of said entry, and thereupon a hearing was had
before said land officers, who decided in favor of the entry

by the probate judge and against the right of appellant to enter the same. That from said decision of said local land officers she took an appeal to the commissioner of the general land office, who affirmed the ruling of the said local land officers. That from said decision she appealed to the secretary of the interior, who sustained the ruling of the commissioner. That subsequently the land department issued a patent to said land, including the land held by appellant, to said probate judge, in trust for the occupants of said town of Flagstaff. That on the nineteenth day of February, 1891, the legislative assembly of the territory of Arizona created the county of Coconino from the said county of Yavapai, and that said town of Flagstaff is embraced within the new county. That appellee J. E. Jones was elected probate judge of the latter county, and by virtue thereof became the acting trustee of said townsite patent. There was a general demurrer interposed by the appellees to the sufficiency of the complaint, which was sustained by the court below, and a judgment entered for the appellees upon the demurrer.

The position assumed by the appellant upon the appeal from said judgment is, that the facts as stated by her in her complaint entitled her to the relief prayed for, for two reasons: First—That McMillan and Farriner having, prior to the survey of the land in the field settled upon, cultivated, and improved a portion of said section 16, and being upon the land at the time of said survey with a view to pre-empting the same, said section, or so much thereof as was included in their settlements, was at the time of the survey, and continued thereafter to be, subject to the right of pre-emption, and no title to the same by reason of section 2275 of the Revised Statutes of the United States was reserved to the territory for school purposes, but that by said section 2275 the right to this land became vested in her for the section or legal subdivisions thereof embracing the said settlements. Second— That the act of 1889 had no effect to change said lands from their character as public lands, so as to cut off or destroy the rights of settlers thereon to pre-empt the same. Section 1946 of the Revised Statutes of the United States provides that "sections numbered sixteen and thirty-six in each township of the territories of New Mexico, Utah, Colorado,

Dakota, Arizona, Idaho, Montana, and Wyoming shall be reserved for the purpose of being applied to schools in the several territories therein named, and in the states and territories hereafter to be erected out of the same." Said section 2275 reads as follows: "Where settlements with a view to pre-emption have been made before the survey of the lands in the field, which are found to have been made on sections sixteen or thirty-six, those sections shall be subject to the pre-emption claim of such settlers, and if they, or either of them, have been or shall be reserved or pledged for the use of schools or colleges in the state or territory in which the lands lie, other lands of like quantity are appropriated in lieu of such as may be patented by pre-emptors." A cursory reading of these two sections, it seems to us, will disclose the purpose of Congress in reference to such settlers as may be found on sections 16 and 36 at the time of survey. This purpose is evidently to fix the *status* of such settlers as may prior to survey, without notice of the fact, have fixed their residence, with a view to pre-emption, on said sections, and to give such settlers the privilege of entering such lands under the pre-emption law, and obtaining title thereto; and for all such lands as may be patented to such pre-emptors, other lands, equal in quantity, are reserved to the territory or state for school purposes in lieu thereof. We think this privilege is limited by the language of section 2275, as well as by other provisions of the pre-emption laws, to such settlers as may be found on school lands at the time of the survey of the lands in the field. The right of pre-emption of such settlers as may have settled on school lands prior to survey being a personal privilege, it follows that sections 16 and 36 of each township are reserved to the territory or state for school purposes, subject only to the personal rights of such settlers to obtain title to the same under the pre-emption law; and, if they do not choose to assert their rights by filing and entering the land, or subsequently abandon their settlements, the land continues to be reserved to the state or territory for school purposes. It has been the uniform construction of the land department, in numerous decisions of the various secretaries of the interior since the law became operative, that the settler upon unsurveyed land which may upon survey be found to be a school section is the only person who can defeat the reser-

vation for school purposes.  Counsel for appellant cites us
two cases, decided by the supreme court of the United States,
as supporting his view of the case,—those of *Sherman* v.
*Buick*, 93 U. S. 209, and *Mining Co.* v. *Consolidated Mining
Co.*, 102 U. S. 167.  An examination of these will fail to
show that they conflict in any wise with the views we have
expressed above.  In both the court construe the act of 1853,
granting sections 16 and 36 in each township of land to the
state of California for school purposes.  Section 7 of the act
of 1853 reads as follows: "That when any settlement by the
erection of a dwelling-house or the cultivation of any portion
of the land shall be made upon the sixteenth or thirty-sixth
sections, before the same shall be surveyed, or when such
sections may be reserved for public uses or taken by private
claims, other lands shall be selected by the proper authorities
of the state in lieu thereof."  It will be noted that the reading
of this section of the act of 1853 differs materially from sec-
tion 2275 of the Revised Statutes, and the interpretation of
the former does not, therefore, construe the latter.  In *Sher-
man* v. *Buick* the question was as to the relative rights of a
settler before survey upon a school section, who had obtained
a patent from the United States under a pre-emption claim,
and one who had obtained a patent from the state to the same
land.  The court held that the state took no title to the land
as against such settler, and that hence its patent was held to
be void.  In *Mining Co.* v. *Consolidated Mining Co.* the same
question was presented, and the same decision arrived at, as in
*Sherman* v. *Buick*.  While section 7 of the act of 1853, quoted
above, may be capable of the construction that it absolutely
reserves from the grant of the state sections 16 and 36 in any
township upon which settlements may be found at the time of
survey, yet the supreme court, in the case of *Mining Co.* v.
*Bugbey*, 96 U. S. 165, has declared that under said seventh
section of the act of 1853 the settler is under no obligation
to assert his claim, and, if he does not, and abandons his
claim, the title of the state to such land becomes absolute as
of the date of survey.  In this case the settlers failed to assert
any claim themselves to pre-emption, but sold their posses-
sions and improvements after survey to the appellant.  The
right being personal, appellant therefore did not succeed to
the rights of McMillan and Farriner to enter the land, nor

was the land, until the entry by the town of Flagstaff under the act of 1889, ever divested of its character as school land. In addition, section 2263 of the Revised Statutes forbids any assignment or transfer of the pre-emption right, and declares any such attempted assignment or transfer to be null and void. Under the view of the law we have expressed, it is unnecessary to consider what may be the effect of the act of 1889 upon the rights of the parties hereto. We think the demurrer was properly sustained, and the judgment will be affirmed.

Gooding, C. J., and Kibbey, J., concur.